UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**ERROL BARRINGTON SCARLETT, A35-899-292**

        Petitioner,

        v.                                     08-CV-0534(Sr)

**THE UNITED STATES DEPARTMENT OF
HOMELAND SECURITY BUREAU OF
IMMIGRATION & CUSTOMS ENFORCEMENT,
et al.,**

        Respondents.

---

### DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #10.

Currently before the Court is a motion by the American Civil Liberties Union Foundation and the New York Civil Liberties Union for leave to file a brief of *amici curiae* in support of the petition for writ of *habeas corpus*. Dkt. #12. Proposed *amici* submit that they have significant expertise in the area of immigration detention and a longstanding interest in enforcing constitutional and statutory constraints on the federal government's power to subject non-citizens to administrative immigration detention. Dkt. #12. The petitioner and the respondents consent to the filing of the brief. Dkt. #12.

"A district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case." *Citizens Against Casino Gambling in Erie County v. County of Erie*, 471

F.Supp.2d 295, 311 (W.D.N.Y. 2007). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994). As Judge Posner explained:

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (citations omitted).

In the instant case, petitioner is appearing *pro se*. His petition involves complex issues of constitutional law and statutory interpretation. *Amici* have significant experience representing individuals in similar circumstances and have prepared an insightful analysis of the issues before the Court. As a result, the motion for leave to file a brief of *amici curiae* in support of the petition for writ of *habeas corpus* (Dkt. #12), is **GRANTED**.

**SO ORDERED**.

**DATED:** Buffalo, New York
May 12, 2009

                                        **s// H. Kenneth Schroeder, Jr.**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**