UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERROL BARRINGTON SCARLETT,

Petitioner,

**DECISION AND ORDER**
08-CV-534A

v.

THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

---

## INTRODUCTION

Petitioner has made a motion for costs and attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). In seeking costs and fees, petitioner asserts that respondent cannot substantially justify its refusal to grant a bail hearing during an immigration detention that lasted two years longer than the incarceration for the underlying criminal offense that made petitioner removable. After considering the arguments from both parties, the Court will grant the motion and award costs and fees as explained below.

## BACKGROUND

This case concerned an immigration habeas corpus petition that petitioner filed on July 22, 2008 pursuant to 28 U.S.C. § 2241. For the sake of brevity, the

Court will assume familiarity with the history of the case that precedes the pending motion. On May 12, 2009, Magistrate Judge Schroeder issued a Report and Recommendation regarding petitioner's request for habeas corpus relief. Magistrate Judge Schroeder recommended granting the petition conditionally unless respondent afforded petitioner a bail hearing within 30 days of an order of this Court addressing the Report and Recommendation. On July 10, 2009, this Court issued an Order adopting the Report and Recommendation essentially in its entirety. The Court's only modification was to double the number of days after which a writ of habeas corpus would issue if a bail hearing did not occur.

On October 13, 2009, petitioner made the pending motion for costs and attorney fees. In short, petitioner argued that respondent could not justify its refusal to grant a bail hearing during a period of detention that exceeded five years. Petitioner argued further that respondent insisted on an interpretation of 8 U.S.C. § 1226(c) that lacked support in uncontroverted case law. Petitioner thus concluded that respondent's position in this litigation and the underlying immigration proceedings was not substantially justified as defined by the EAJA. In opposition to the pending motion, respondent argued that it based its detention decisions on a viable legal theory and that a travel document permitting immediate removal had been issued. Respondent argued further that any legal authority concerning 8 U.S.C. § 1226(c) is scant and not so overwhelmingly against it that its litigation position in this case could be considered unjustifiable.

## DISCUSSION

### *Entitlement to Costs and Attorney Fees*

"Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Respondent does not deny that petitioner is a prevailing party in this case. Accordingly, whether petitioner can receive an award depends on whether respondent can substantially justify the position that it took in this case.

For respondent's litigation to qualify as "substantially justified," it must be "justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988) (citations omitted). "The burden is on the Government to show that its position was substantially justified." *Eames v. Bowen*, 864 F.2d 251, 252 (2d Cir. 1988) (citations omitted).

Here, the inconsistencies in respondent's litigation position mean that it will not be able to meet its burden of showing substantial justification. Throughout this litigation, respondent argued that a bail hearing was not appropriate because this case fell under 8 U.S.C. § 1226(c), which justifies detention without any consideration of bail. For the reasons stated in Magistrate Judge Schroeder's Report and Recommendation, which this Court adopted, the plain language of Section 1226(c) does not fit the facts of this case. Section 1226(a) fits instead. The case law cited in the Report and Recommendation, though admittedly not having been issued from the United States Supreme Court or from a court of appeals, began to make this point clear several years before this litigation commenced. Respondent's litigation position, therefore, was inconsistent with emerging case law that was uncontroverted at the time when this litigation began. Additionally, however, respondent's litigation position was internally inconsistent. Although respondent insisted in this case that Section 1226(c) applied, it obtained an immigration warrant before arresting and detaining petitioner. Under the plain language of Section 1226(c), and under the interpretations of Section 1226(c) cited in the Report and Recommendation, no arrest warrant is necessary for seizures that occur under that provision. An arrest warrant is necessary only for detention under Section 1226(a).[1] In seeking an arrest warrant, respondent

---

[1]Without revisiting the analysis of the Report and Recommendation, the plain language of Section 1226(c) does not mention arrest warrants because it presumes that the Attorney General would take aliens into custody immediately

implicitly conceded as far back as 2003 that it needed to follow the plain language of Section 1226(a). For the litigation in this case, therefore, respondent tried to play both sides of the bail issue: It wanted to justify its arrest of petitioner by using the procedural safeguards of Section 1226(a) but without explaining why it could not even offer a bail hearing under that provision. In a different factual context, inconsistent litigation positions have supported an award of attorney fees. *Cf. Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 765 (9th Cir. 1986) (affirming an award of attorney fees where the Department of Labor contradicted its prior construction of a statute in dispute). The Court thus finds that respondent's position in this case was not substantially justified and that an award of attorney fees is appropriate.

***Amount of Award for Costs and Fees***

Having decided that an award of attorney fees is appropriate in this case, the Court now must assess what the amount of the award should be. In other factual contexts, this Court has noted generally that

> A reasonable hourly rate is the "prevailing market rate," i.e., the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar

---

upon their release from the custody of another governmental authority. In other words, there is no need for an arrest warrant under Section 1226(c) if the conditions set forth in that provision are met and the custody of the aliens in question, from one governmental authority to another, is seamless.

> work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award."). The relevant community, in turn, is the district in which the court sits. *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).
>
> Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005). This inquiry may include judicial notice of the rates awarded in prior cases, the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties. *Id.* The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate. *Blum*, 465 U.S. at 896 n.11.

*Fontana v. C. Barry & Assocs., LLC*, No. 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sept. 4, 2007) (Arcara, *C.J.*).

The Second Circuit revisited case law governing attorney fee calculations recently and explained that

> In [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "*Johnson*" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id.* at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Id.* at 112, 118.

*Simmons v. N.Y. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Here, petitioner has proposed a total fee award of $18,481.74 that covers 134.3 hours that five attorneys spent responding to respondent's objections to the Report and Recommendation. Although every case obviously presents different factual circumstances, spending that much time advancing an immigration habeas petition is not categorically unreasonable. *Cf., e.g., Nadarajah v. Holder*, 569 F.3d 906, 925 (9th Cir. 2009) (awarding an EAJA attorney fee for 160.9 hours spent litigating an immigration habeas corpus at the District Court level); *Freeman v. Mukasey*, No. 04-35797, 2008 WL 1960838, at *3 (9th Cir. Feb. 26, 2008) (awarding an EAJA attorney fee for 279.9 hours that two attorneys and three summer associates spent litigating an immigration habeas petition at both the District Court and appellate levels); *Kholyavskiy v. Schlecht*, 479 F. Supp. 2d 897, 910 (E.D. Wis. 2007) (awarding an EAJA attorney fee for approximately 170 hours spent litigating an immigration habeas petition). The hourly rates that petitioner has proposed also are reasonable. That said, two corrections to petitioner's calculation of attorney fees are necessary. First, the Court will disregard the half-hour billing entry dated June 11, 2009 concerning the preparation of a submission to the Bureau of Immigration Appeals. Second, the Court will disregard any billing entries that predate May 13, 2009, the day when petitioner's counsel filed a notice of appearance in this case. Until then, petitioner officially was *pro se*. *Pro se* litigants do not receive attorney fees under the EAJA. *See SEC v. Price Waterhouse*, 41 F.3d 805, 808 (2d Cir. 1994) ("We

hold, under the reasoning of [*Kay v. Ehrler*, 499 U.S. 432 (1991)], that a *pro se* litigant may not recover attorney's fees under the EAJA."). These two corrections leave petitioner at a total of 93.90 hours for a total fee of $13,759.19. Adding the proposed disbursements yields a total award of $15,598.45.

**CONCLUSION**

For all of the foregoing reasons, the Court hereby grants petitioner's motion and awards total costs and fees in the amount of $15,598.45. The award shall be payable within 45 days of entry of this Order unless respondent files a notice of appeal within the time permitted by the Federal Rules of Appellate Procedure, in which case payment will be stayed pending receipt of a mandate from the United States Court of Appeals for the Second Circuit.

SO ORDERED.

*s/ Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 5 , 2010